MEMORANDUM **
Juan Carlos Lopez-Vega, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (“BIA”). In this order, the BIA dismissed Lopez-Vega’s appeal from the Immigration Judge’s decision denying his application for adjustment of status and for cancellation of removal. The BIA’s order states that Lopez-Vega’s notice of appeal was timely presented for filing, but was rejected because the certificate of service was incomplete. The Board determined that the Notice of Appeal failed to show the complete address of the Office of District Counsel being served.
Under 8 C.F.R. § 1003.38(b), an appeal must be filed within thirty calendar days of an immigration judge’s decision. The BIA explicitly warned Lopez-Vega that this deadline would not be tolled, and that he must re-submit his appeal along with a complete certificate of service before the thirty days expired. By the time Lopez-Vega perfected his appeal, the thirty day deadline had passed, and the BIA rejected his appeal as untimely.
The BIA’s order constitutes a final order of removal which we have jurisdiction to review under 8 U.S.C. § 1252(a)(1). The government argues that we lack jurisdiction because Lopez-Vega did not file a motion with the BIA for reconsideration, and thus failed to exhaust his administrative remedies. The government is incorrect. Because a motion to reconsider is considered a request for discretionary relief, it does not constitute a remedy which must be exhausted prior to our direct review. Noriega-Lopez v. Ashcroft, 335 F.3d 874, 880-81 (9th Cir.2003). We review de novo whether the BIA had jurisdiction to consider an untimely appeal. Da Cruz v. INS, 4 F.3d 721, 722 (9th Cir.1993).
On appeal, Mr. Silverberg, Lopez-Vega’s attorney, does not address the alleged filing defect in the certificate of service. Nor does he explain his failure to *624 perfect Lopez-Vega’s appeal before the thirty-day deadline.
Instead, inexplicably, Mr. Silverberg argues that his failure to include the correct filing fee with Lopez-Vega’s application constitutes excusable neglect, and that Lopez-Vega’s Notice of Appeal should not be deemed untimely as a result of his error. Nothing in the record suggests that Lopez-Vega’s appeal was rejected due to an incorrect filing fee. It appears that Mr. Silverberg may have re-used the template from the briefs he submitted in Lopez-Vega’s sister’s case. In that case, the BIA rejected Ms. Lopez-Vega’s appeal for the same defect on the certificate of service, as well as an overpayment of the filing fee. Lopez-Vega v. Keisler, 257 Fed.Appx. 47 (9th Cir.2007) (unpublished).
Ordinarily, the failure to raise an argument in an opening brief will result in waiver of that argument. See, e.g., Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996). Here, however, we think it unfair to punish Lopez-Vega for his attorney’s inexcusable negligence.
Though neither party has addressed this, from the record before us, it is clear that Mr. Silverberg’s representation of Lopez-Vega was deficient.[1] Mr. Silverberg’s alleged failure to accurately complete the certificate of service, as well as his failure to file the corrected appeal by the June 30, 2004 deadline, constitute “egregious” errors which prejudiced Lopez-Vega’s appeal. Matter of Compean, 24 I. & N. Dec. 710, 732-33 (BIA 2009); see also Granados-Oseguera v. Gonzales, 464 F.3d 993, 998 (9th Cir.2006) (holding counsel’s performance deficient based in part on failure to file a timely petition for review); Ray v. Gonzales, 439 F.3d 582, 588 (9th Cir.2006) (holding counsel’s performance deficient based in part on failure to meet procedural requirements of two motions to reopen); Siong v. INS, 376 F.3d 1030, 1037 (9th Cir.2004) (“Failing to file a timely notice of appeal is obvious ineffective assistance of counsel.”). These errors are compounded by the irrelevant briefing submitted by Mr. Silverberg in this appeal.
The time limit for filing a notice of appeal with the BIA is mandatory and jurisdictional. See Da Cruz, 4 F.3d at 722. Yet we have recognized this rule may be subject to exceptions in “rare circumstances.” See Oh v. Gonzales, 406 F.3d 611, 612-13 (9th Cir.2005). Applicants filing for asylum are subject to a similar jurisdictional bar; exceptions to this one-year bar are made in “extraordinary circumstances,” which include ineffective assistance of counsel. 8 C.F.R. § 208.4(a)(5)(iii). We conclude that Mr. Silverberg’s deficient performance warrants just such an exception in this case.
Accordingly, we grant the petition for review, and remand to the BIA for consideration of the merits of petitioner’s appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Mr. Silverberg has represented Lopez-Vega in connection with his removal proceedings since at least 2003. Ordinarily, deficient performance of counsel claims must be evaluated in the first instance by the BIA. See, e.g., Puga v. Chertoff, 488 F.3d 812, 815-16 (9th Cir. 2007). In these circumstances, however, we can hardly have expected Lopez-Vega to raise this claim on his own behalf. The deficiencies of counsel’s performance are clearly documented in the record. Thus, we determine it is appropriate to address the issue sua sponte. Id. at 816 (observing that strict compliance with ordinary exhaustion and procedural requirements may be excused when "the record shows a clear and obvious case of ineffective assistance.”) (internal quotation marks and citation omitted).